FILED

1   Bradley A. Post, Esq.  #127028
    BORTON PETRINI, LLP
2   2014 Tulare Street, Suite 631  E-filing
    Fresno, California 93721
3   Telephone: (559) 268-0117

FEB 20  PM 2: 11

NORTHERN DISTRICT COURT
CALIFORNIA

4   Attorneys for Defendants,
    MODESTO & EMPIRE TRACTION COMPANY, a
5   California   corporation,   MEDICAL
    BENEFITS  ADMINISTRATORS   OF   MD.,
6   INC., a Maryland corporation; RONALD
    J. WILSON
7

8                    IN THE UNITED STATES DISTRICT COURT        ADR

9                FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION        C07-01027

11  MARIN GENERAL HOSPITAL, a non-      |  Case No.
    profit California corporation,      |
12                                      |  NOTICE OF REMOVAL
                    Plaintiff,          |
13                                      |
    v.                                  |
14                                      |  Superior Court,
    MODESTO & EMPIRE TRACTION           |  County of Marin
15  COMPANY, a California               |  Case No. CV065605
    corporation, MEDICAL BENEFITS       |  [Unlimited Jurisdiction]
16  ADMINISTRATORS OF MD., INC., a      |
    Maryland corporation; RONALD J.     |
17  WILSON, an individual, and DOES     |
    1-50, inclusive,                    |
18                                      |
                    Defendants.         |
19

20

21                          **NOTICE OF REMOVAL**

22  TO:   Barry Sullivan
          Viola Rita Brown
23        **LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN**
          303 North Glenoaks Boulevard, Suite 700
24        Burbank, California 91502

25        Marin County Circuit Clerk
          3501 Civic Center Drive
26        San Rafael, California 94903

27        / / /

28        / / /

**I.**

Take notice that the defendants, MODESTO & EMPIRE TRACTION COMPANY (MODESTO), MEDICAL BENEFITS ADMINISTRATORS OF MD, INC. (MEDICAL BENEFITS) and RONALD J. WILSON (WILSON), have this day filed with the Clerk of the United States District Court for the Northern District of California, Oakland Division at Oakland, California, a Notice of Removal, to which has been attached a certified copy of the entire court file appearing in the records of the Clerk for the Superior Court of Marin County, California, and have thereby affirmatively removed this cause of action from the Superior Court of Marin County, California, to the United States District Court for the Northern District of California, Oakland Division, at Oakland, California.

**II.**

The plaintiff, MARIN GENERAL HOSPITAL, has filed suit, alleging that it provided medical services, supplies and/or equipment to "S.M." from April 19, 2004 to April 24, 2004, that "S.M." was an employee of Modesto and that Modesto provided health care benefits to "S.M." (Copies of the Summons and Complaint are attached hereto as part of the Superior Court file.) (Exhibit "A" and "B.")

**III.**

The plaintiff has sued MODESTO, MEDICAL BENEFITS and WILSON alleging, among other things, that MODESTO provided health care benefits to "S.M.," that MEDICAL BENEFITS administered the health care benefit program, that WILSON was the CEO of MEDICAL BENEFITS and that these defendants owe payment to the plaintiff under the provisions of the health care benefit program.

2

1

**IV.**

2        In fact, MODESTO participated in Custom Rail Employer
3  Welfare Trust Fund (CREW), an employee benefit program created
4  under and governed by the Employee Retirement Income Security Act
5  ("ERISA") of 1974, 29 U.S.C. § 1001 et seq.  If payment is due to
6  the plaintiff, then payment is due under CREW, an ERISA program.

7

**V.**

8        The plaintiff's claim that the defendants pay for the
9  provision of medical services, supplies and equipment to "S.M."
10  (Counts I through VII) is actually a claim to recover benefits due
11  under an employee benefit plan.  Because CREW is an ERISA program,
12  the plaintiff's right to recover is actually governed by Section
13  502(a)(1)(B) of ERISA (29 U.S.C. 1132(a)(1)(B)).

14

**VI.**

15        Under 28 U.S.C. § 1331, "the district courts [of the
16  United States] shall have original jurisdiction of all civil
17  actions arising under the Constitution, laws, or treaties of the
18  United States."

19

**VII.**

20        Under 29 U.S.C. § 1132(f), the district courts of the
21  United States have jurisdiction, regardless of the amount in
22  controversy or the citizenship of the parties, over ERISA matters.

23

**VIII.**

24        Under 28 U.S.C. § 1441(a), "any civil action brought in
25  a state court of which the district courts of the United States
26  have original jurisdiction, may be removed by the defendant to the
27  district court of the United States for the district and division
28  embracing the place where such action is pending."

3

**IX.**

Under 28 U.S.C. § 1441(b), "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under . . . the laws of the United States shall be removable . . ."

**X.**

Pursuant to 29 U.S.C. § 1132(f) and 28 U.S.C. §§ 1331, 1441(a) and (b), the United States District Court for the Northern District of California, Oakland Division has jurisdiction over this civil action.

**XI.**

Under 28 U.S.C. § 1446(a), a defendant who desires to remove any civil action from a state court, "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

**XII.**

Under 28 U.S.C. § 1446(b), a notice of removal of a civil action "shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action of proceeding is based."

**XIII.**

Medical Benefits received the Summons and a copy of the initial pleading in this matter on January 22, 2007.  Therefore,

4

1 | this Notice of Removal is being filed within thirty (30) days of
2 | service on Medical Benefits.

3 | **XIV.**

4 | All of the defendants, MODESTO, MEDICAL BENEFITS and
5 | WILSON, have agreed to and joined in the removal of this action.

6 | **XVI.**

7 | MODESTO, MEDICAL BENEFITS and WILSON would show that the
8 | Superior Court of Marin County, California is within the Oakland
9 | Division of the United States District Court for the Northern
10 | District of California.

11 | **XV.**

12 | Pursuant to 28 U.S.C. § 1446(a), the undersigned counsel
13 | certifies that a copy of all process, pleadings, and orders served
14 | upon these defendants in the underlying action are attached hereto.

15 | **XVI.**

16 | Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel
17 | certifies that a copy of the original Notice of Removal will be
18 | served promptly on the plaintiff and filed with the Clerk of the
19 | Court for the Superior Court of Marin County, State of California.

20 | WHEREFORE, the defendants, MODESTO & EMPIRE TRACTION COMPANY,
21 | MEDICAL BENEFITS ADMINISTRATORS OF MD, INC., and RONALD J. WILSON,
22 | state that the plaintiff should precede no further pending further
23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

5

1  order of the United States District Court for the Northern District

2  of California, Oakland Division.

3  DATED:  February $\underline{2}$, 2007

4                                   BORTON PETRINI, LLP

5

6                          By_____
                              Bradley A. Post, Esq.,
7                             Attorney for Defendants,
                              MODESTO & EMPIRE TRACTION COMPANY,
8                             MEDICAL BENEFITS ADMINISTRATORS OF
                              MD., INC.; and RONALD J. WILSON
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1    **PROOF OF SERVICE (Code Civ. Proc., §§ 1013a, 2015)**

2    STATE OF CALIFORNIA, COUNTY OF STANISLAUS

3        I am employed in the County of Stanislaus, State of
     California. I am over the age of 18 and not a party to the within
4    action; my business address is 1104 12th Street, Modesto,
     California 95354.

5
         On **February  $\mathcal{X}$ , 2007**, I served the foregoing document(s)
6    described as **NOTICE OF REMOVAL,** on the parties. (See attached)

7    **/__/ BY MAIL:**

8        As follows: I am "readily familiar" with the firm's practice
     of collection and processing correspondence for mailing. Under that
9    practice it would be deposited with U. S. Postal Service on that
     same day with postage thereon fully prepaid at **Modesto,** California
10   in the ordinary course of business. I am aware that on motion of
     the party served, service is presumed invalid if postal
11   cancellation date or postage meter date is more than one day after
     date of deposit for mailing in affidavit.

12
     **/__/ BY FAX:**
13
         I caused each document to be delivered by electronic facsimile
14   by use of fax machine telephone number: _____.

15       The facsimile machine I used complied with California Rules of
     Court, Rule 2003(3) and no error was reported by the machine.
16   Pursuant to California Rules of Court, Rule 2008(e).

17   **/__/ BY OVERNIGHT COURIER SERVICE:**

18       I caused each envelope with postage fully prepaid to be sent
     by _____.
19
     **/__/ BY PERSONAL SERVICE:**
20
         I caused to be delivered such envelope by hand to the offices
21   of the addressee(s). (See attached)

22       I declare under penalty of perjury under the laws of the State
     of California that the above is true and correct. Executed on
23   **February  $\mathcal{X}$ , 2007,** at **Modesto,** California.

24
         **Stephanie Lopez**
25       **Type or Print Name**                     **Signature**

26

27

28

NOTICE OF REMOVAL

1 | Barry Sullivan, Esq.
Viola R. Brown, Esq.
2 | **STEPHENSON, ACQUISTO & COLMAN**
303 N. Glenoaks Blvd., Ste. 700
3 | Burbank, CA   91502
818-559-4477
4 | 818-559-5484

5 | Clerk of Superior Court
County of Marin
6 | 3501 Civic Center Dr.
San Rafael, CA   94903

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

056591/060991
H:\56591\60991\NOT.R
EMOVAL.wpd

NOTICE OF REMOVAL

**BY FACSIMILE**

**ORIGINAL**

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MODESTO & EMPIRE TRACTION COMPANY, a California
Corporation, MEDICAL BENEFITS ADMINISTRATORS OF MD.,
INC. a Maryland Corporation., RONALD J. WILSON, an
individual, and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARIN GENERAL HOSPITAL, a non-profit California
Corporation



DEC 0 8 2006
KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: C. Lucchesi, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER:<br>(Número del Caso) | V06530S |
|---|---|---|

*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
MARIN COUNTY SUPERIOR COURT
3501 CIVIC CENTER DRIVE
SAN RAFAEL, CA 94903
HALL OF JUSTICE

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
VIOLA R. BROWN (SNB 204681)                      (818)559-4477      (818)559-5484
STEPHENSON, ACQUISTO & COLMAN
303 N. GLENOAKS BLVD., SUITE 700
BURBANK, CA  91502

| DATE: DEC 08 2006 | KIM TURNER | Clerk, by | Cynthia Lucchesi | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

COPY OF THE INSTRUMENT IS A CORRECT
COPY OF THE ORIGINAL ON FILE
IN THIS OFFICE

Attest:  JAN 3 0 2007
KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: Kathleen

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*                                   Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>FIRM-100 [Rev. January 1, 2004] | **SUMMONS** | Legal<br>Solutions<br>Ca. Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

## To Plaintiffs and Others Filing First Papers

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

## To Parties in Complex Cases

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential.)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rule 1800-1812)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

ORIGINAL

BY FACSIMILE

1  LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN
   JOY YOUNG STEPHENSON, ESQ. (SBN 113755)
2  BARRY SULLIVAN, ESQ.        (SBN 136571)
   VIOLA RITA BROWN, ESQ.      (SBN 204681)
3  303 NORTH GLENOAKS BOULEVARD, SUITE 700
   BURBANK, CA 91502-3226
4  Telephone:  818/559-4477
   Facsimile:  818/559-5484
5
   Attorneys for Marin General Hospital, a non-profit
6  California corporation

FILED

DEC 0 8 2006

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: C. Lucchesi, Deputy

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                                    COUNTY OF MARIN

10

11  MARIN GENERAL HOSPITAL, a non-      )  CASE NO: CV 065305
    profit California corporation.       )
12                                        )  (Amount Demanded Exceeds $10,000.00)
                  Plaintiff,              )
13                                        )  COMPLAINT FOR DAMAGES RE:
          vs.                             )
14                                        )  1.  BREACH OF ORAL CONTRACT;
    MODESTO & EMPIRE TRACTION            )  2.  NEGLIGENT MISREPRESENTATION;
15  COMPANY, a California corporation,    )  3.  QUANTUM MERUIT; AND
    MEDICAL BENEFITS                      )  4.  ESTOPPEL
16  ADMINISTRATORS OF MD., INC. a        )
    Maryland corporation., RONALD J.      )       THIS INSTRUMENT IS A CORRECT
17  WILSON, an individual, and DOES 1-50, )       COPY OF THE ORIGINAL ON FILE
    inclusive,                            )              IN THIS OFFICE
18                Defendant(s).           )
                                          )  Attest:  JAN 3 0 2007
19                                        )
                                          )       KIM TURNER
20  _____ )       Court Executive Officer
                                                 MARIN COUNTY SUPERIOR COURT
                                                 By M. Cathleen Larson

21
        Plaintiff, MARIN GENERAL HOSPITAL ("Hospital") is informed and believes and thereon
22
    alleges as follows:
23
                                          I
24
                                      PARTIES
25
        1.    Hospital, a non-profit California corporation is a and at all times was, licensed by
26
    the State of California to conduct business as a health care provider in the County of Marin.
27
        2.    Defendant Modesto & Empire Traction Company ("Modesto"), is a for profit
28
    complaint-fc2349.wpd              -1-    COMPLAINT FOR DAMAGES

1 | California corporation with its principal place of business in Modesto County, California. Modesto
2 | provides self- funded medical insurance to its employees, and/or officers, and their dependants.

3 |         3.      Defendant Medical Benefits Administrators of MD, Inc. ("MBAMD") is a
4 | Maryland corporation, and has its principal place of business in Abington, Maryland. MBAMD
5 | administers member benefit plans on behalf of employers and organizations that provide self-funded
6 | medical insurance on behalf of their employees, officers, and/or members.

7 |         4.      Defendant Ronald J. Wilson ("Wilson") is an individual and at all relevant times
8 | herein mentioned was the Chief Executive Officer and Chairman of MBAMD.

9 |         5.      There exists, and at all times herein mentioned there existed, a unity of interest
10 | and ownership between Wilson and MBAMD, such that any individuality and separateness between
11 | them have ceased and MBAMD is the alter ego of Wilson in that MBAMD is and, and at all times
12 | herein mentioned was, so inadequately capitalized that, compared with the business to be done by
13 | MBAMD and the risks of loss, its capitalization was trifling.

14 |         6.      Adherence to the fiction of the separate existence of MBAMD as an entity distinct
15 | from Wilson would permit an abuse of the corporate privilege and would promote injustice in that
16 | Hospital is informed and beliefs and thereon alleges Wilson made loans to MBAMD and guaranteed
17 | certain of its obligations thereby enabling MBAMD to engage in business activites, without adequate
18 | financing and without capital stock, which invited the public generally and Hospital in particular to deal
19 | with MBAMD to Hospital's loss.

20 |         7.      Modesto provided health care benefits to patient S.M - - whose name has been
21 | withheld for privacy purposes - - under a self-funded medical insurance plan.

22 |         8.      Defendants at all relevant times transacted business either personally or through
23 | its agents and/or assigns within the State of California. The violations alleged in this complaint herein
24 | have been and are being carried out in California.

25 |         9.      Hospital is unaware of the true names and capacities, whether corporate,
26 | associate, individual, partnership or otherwise of Defendants DOES 1-50, inclusive, and therefore sues
27 | those defendants named DOE by such fictitious names. Hospital will seek leave of the Court to amend
28 | this Complaint to allege their true names and capacities when ascertained

complaint-fs2J49.wpd                    -2-      **COMPLAINT FOR DAMAGES**

1          10.     At all relevant times defendants, including the defendants named DOE, were and

2  are the agents, employees, employers, joint venturers, representatives, alter egos, subsidiaries, and/or

3  partners of one or more of the other defendants, and was, in performing the acts complained of herein,

4  acting within the scope of such agency, employment, joint venture, or partnership authority, and/or is in

5  some other way responsible for the acts of one or more of the other Defendants.

6          11.     MBAMD was charge with administering health plan benefits to Modesto member

7  S.M..

8          12.     For all dates herein alleged defendants provided insurance coverage and thereby

9  an obligation exists for reimbursement for medically necessary services, supplies and /or equipment

10  provided S.M.

11                                                II.

12                                   **FACTUAL BACKGROUND**

13          13.     On or about April 19, 2004, S.M. was admitted to Hospital for a scheduled lumbar

14  fusion procedure.

15          14.     Hospital provided medical services, supplied, and / or equipment to S.M. from

16  April 19, 2004 to April 24, 2004.

17          15.     On or before April 19, 2004  patient S.M. was enrolled in Modesto's self-funded

18  health plan.

19          16.     Prior to S.M.'s admission, Hospital was advised of patient S.M.'s health

20  insurance coverage through Modesto's self-funded health plan.

21          17.     On or about April 8, 2004 Hospital contacted MBAMD, by telephone, which

22  verified patient S.M.'s eligibility and coverage.

23          18.     On or about April 8, 2004, defendants also authorized the care provided to patient

24  S.M and issued the authorization number "CRW4098003LF" to Hospital.

25          19.     Hospital, in reliance on defendants' verbal statements of coverage and

26  authorization for the treatment of patient S.M., provided medical services, supplies, and /or equipment to

27  patient S.M. with the understanding that defendants would pay Hospital  hospital bills at 90% of

28

complaint-fe1349.upd                      -3-      **COMPLAINT FOR DAMAGES**

1   Hospital's total billed charges for said services, supplies and/or equipment.

2           20.     Hospital timely and properly submitted a valid bill to defendants in the amount of

3   $178,926.54.

4           21.     On or about July 7, 2004,defendants issued a payment in the amount of

5   $46,655.54, resulting in a balance still due and owing from defendants in the amount of $114,378.35 for

6   the services provided to patient S.M. after application of a 10% discount.

7           22.     Despite requests to defendants full reimbursement to Hospital for the medical

8   services, supplies and equipment provided to patient S.M.,defendants refuse to pay Hospital the full

9   amount due.

10          23.     On or about December 8, 2004defendants issued to Hospital a final denial for the

11  remaining balance for the services provided to patient S.M.

12          24.     Hospital has exhausted all of its administrative appeals.

13          25.     As a direct and proximate result of defendants' conduct, the medical bill for

14  Hospital's provision of medical services, supplies, and equipment to patient S.M. from April 19, 2004

15  to April 24, 2004 remains underpaid by $114,378.35. Hospital thus has suffered damages in the amount

16  of $114,378.35.

17                                                  III.

18                                    **FIRST CAUSE OF ACTION**
                                       (Breach of Implied Contract)
19                                        (Against alldefendants)

20          26.     Hospital incorporates by reference and re-alleges paragraphs 1 through 25 here as

21  though set forth in full.

22          27.     On or about April 8, 2004, Hospital informed defendants, that patient S.M. was

23  scheduled for a lumbar fusion procedure at Hospital.

24          28.     Defendants confirmed that patient S.M. health plan coverage and authorized the

25  medical services, supplies, and equipment Hospital eventually provided to patient S.M.

26          29.     As a result of the custom and practice in the healthcare field, and prior dealings

27  between the parties Hospital and defendants understood that, because defendants authorized and made a

28  representation of coverage upon which Hospital reasonably relied, by providing medically necessary

complaint-fe2343.wpd                          -4-      **COMPLAINT FOR DAMAGES**

1   services, Hospital would be paid by defendants for such medical services, supplies and equipment
2   provided to patient S.M. at a 10% discount from its total billings.

3         30.    Defendants, therefore, understood that Hospital's provision of medical services,
4   supplies, and equipment to patient S.M. from April 19, 2004 to April 24, 2004 would require defendants
5   to pay Hospital's bills at 90% of Hospital's total billed charges for said services, supplies and/or
6   equipment for a total amount of $161,033.87.

7         31.    Hospital timely submitted a bill to defendants. The total charges for the medical
8   services, supplies, and equipment provided to patient S.M. amounted to $178,926.54.

9         32.    On or about July 7, 2004, defendants issued a partial payment in the amount of
10  $46,655.54.

11        33.    Because defendants only paid the partial amount of $46,655.54 this claim has
12  been underpaid, and the balance still due from Defendnats amounts to $114,378.35.

13        34.    Defendants acknowledged and accepted financial responsibility for the medical
14  services, supplies, and equipment provided to patient S.M. by Hospital, and agreed to pay for those
15  services, supples and equipment.

16        35.    Hospital has performed all conditions, covenants, and promises required on its
17  part to be performed in accordance with the terms and conditions of this contract implied in fact at the
18  rate agreed upon prior to patient S.M.'s hospitalization.

19        36.    On or about December 8, 2004, defendants breached this implied agreement by
20  issuing its final refusal to fully reimburse Hospital for the medical services, supplies and/or equipment
21  provided to patient S.M. at the agreed upon rate.

22        37.    As a direct and proximate result of defendants' breach of implied contract,
23  Hospital has suffered damages in the amount of $114,378.35.

24  ///
25  ///
26  ///
27  ///
28  ///

complaint-IC2349.wpd                    -5-    **COMPLAINT FOR DAMAGES**

**IV.**

## SECOND CAUSE OF ACTION
(Breach of Oral Contract)
(Against Alldefendants )

38. Hospital incorporates by reference and re-alleges paragraphs 1 through 25 here as though set forth in full.

39. On or about April 8, 2004, Hospital and defendants entered into an oral agreement whereby Hospital agreed to provided medically necessary services, supplies, and equipment to Defendant's enrollee (patient S.M.) in return for which Hospital agreed to pay Hospital's bills at 90% of Hospital's total billed charges for said services, supplies and/or equipment.

40. Hospital supplied medical services, supplies and equipment to Modesto's enrollee, patient S.M., from April 19, 2004 to April 24, 2004, and has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of this oral contract.

41. On or about December 8, 2004, defendants breached this oral agreement by issuing its final refusal to properly reimburse Hospital for the medical services, supplies and/or equipment provided to patient S.M.

42. As a direct and proximate result of defendants' breach of implied contract, Hospital has suffered damages in the amount of $114,378.35, after payments previously made by defendants are taken into account.

**V.**

## THIRD CAUSE OF ACTION
(Negligent Misrepresentation)
(Against Alldefendants)

43. Hospital incorporates by reference and re-alleges paragraphs 1 through 25 here as though set forth in full.

44. On or about April 8, 2004, defendants represented to Hospital that patient S.M., an enrollee under Modesto's self-funded health plan and that defendants would compensate Hospital for its provision of medical services, supplies and equipment to patient S.M. at 90% of Hospital's total billed

1  charges for said services, supplies and/or equipment for a total amount of $161,033.87.

2       45.     Defendants or their agents made those representations with the intention of

3  inducing Hospital to act in reliance on these representations by providing services, supplies, and

4  equipment to patient S.M. and in preventing Hospital from making other arrangements for payment.

5       46.     When defendants or their agents made those representations to Hospital without

6  reasonable grounds for believing them to be true.

7       47.     On or about December 8, 2004, after the medical services, supplies and

8  equipment were provided to patient S.M.,defendants informed Hospital that they refused to issue any

9  further payment to correct the underpayment of the claim.

10       48.     At the time the representations were made by defendants, Hospital was ignorant of

11  the falsity of defendants' representations and believed them to be true.

12       49.     In reasonable reliance upon those representations, Hospital was induced to

13  provide patient S.M. with medically necessary services, supplies, and equipment and refrain from

14  making other arrangements to obtain payment.

15       50.     As a direct and proximate result of its reliance Hospital has suffered damages in

16  the sum of $114,378.35.

17                         **VI.**

18                   **FOURTH CAUSE OF ACTION**
                     (Quantum Meruit)
19                     (Against All defendants)

20       51.     Hospital incorporates by reference and re-alleges paragraphs 1 through 47 here as

21  though set forth in full.

22       52.     As a direct and proximate result of defendants' assurances and representations

23  that patient S.M. had health plan coverage from which payment would be made, Hospital rendered care

24  to patient S.M. with a value of $178,926.54.

25       53.     Hospital has requested full payment from defendants or their agents for the

26  charges incurred for the medical services, supplies and equipment provided by Hospital Center to patient

27  S.M.

28       54.     Defendants or their agents have failed to pay fully for the medically necessary

complaint-fe2349.wpd          -7-    **COMPLAINT FOR DAMAGES**

1    services, supplies and equipment provided to patient S.M., but to date defendants have only paid

2    $46,655.54.

3          55.    As a result of defendants or their agent's failure to perform according to the

4    assurances and representations made to Hospital, Hospital has suffered damages in the amount of

5    $132,271.00.

## VII.

### FIFTH CAUSE OF ACTION
(Estoppel)
(Against Alldefendants)

56.    Hospital incorporates by reference and re-alleges paragraphs 1 through 25 here as
though set forth in full.

57,    Defendants or their agents represented to Hospital that patient S.M. had health
plan coverage and that payment would be made for all hospital bills incurred at 90% of Hospital's total
billed charges for said services, supplies and/or equipment for a total amount of $161,033.87 after
applying the discount.

58.    When promising, assuring and representing to Hospital that patient S.M.. had a
policy of health plan coverage that would reimburse Hospital for the medical services, supplied and /or
equipment rendered to Modesto's plan enrollee, defendants knew, or should have known, that Hospital
would be reasonably induced to rely on defendants' or their agent's promises, assurances and
representations.

59.    As a direct and proximate result of Defendants' or their agents making
representations to Hospital that patient S.M. had health plan coverage and that payment would be made
for the charges incurred, Hospital actually, reasonably, and justifiably relied upon such representations
and was thereby induced to provide medical services, supplies and /or equipment to provide medical
services, supplies and/ or equipment to patient S.M.defendants have not fully performed their promises,
assurances or representations to pay Hospital.

60.    Hospital reasonably and justifiably relied upon such representations and
assurances in providing the services, supplies and/or equipment, and in refraining from pursuing other

complaint-fc2349.wpd                    -8-    **COMPLAINT FOR DAMAGES**

1  avenues of reimbursement.

2      61.    As a direct and proximate cause of their conduct, defendants should be estopped

3  from denying Hospital has suffered substantial detrimental damages in the sum of at least $114,378.35.

4

5           **WHEREFORE**, Hospital prays for judgment as follows:

6      1.    For the 1st, 2nd, 3rd and 5th causes of action the principal sum of $114,378.35;

7      2.    For the 4th cause of action the principal sum of $132,271.00

8      3.    For all causes of action interest on such principal sum at the rate of fifteen

9  percent (15%) per annum, pursuant to Cal. Health & Safety Code § 1371;

10     4.    For all causes of action pre-judgment interest on such principal sum, at the legal

11  rate, pursuant to Cal. Civ. Code § 3287(a); and,

12     5.    For all causes of action such other and further relief as the court deems just and

13  proper.

14

15

16  Respectfully submitted,

17  Dated: December 8, 2006

18                                          **Law Offices Of**
                                          **STEPHENSON, ACQUISTO & COLMAN**
19

20

21                                          **Barry Sullivan, Esq.**
22                                          **Viola Rita Brown, Esq.**
                                          Attorneys for The Regents of the University of
23                                          California, on behalf of the University of
                                          California at Irvine Medical Center
24

25

26

27

28
    complaint-fc2349.wpd
                                -9-    **COMPLAINT FOR DAMAGES**