IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIN GENERAL HOSPITAL,<br><br>    Plaintiff,<br><br>  v.<br><br>MODESTO & EMPIRE TRACTION COMPANY, et al.,<br><br>    Defendants. | No. C 07-1027 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND; DENYING PLAINTIFF'S MOTION TO REMAND** |

Defendants' motion to dismiss and plaintiff's motion for remand are scheduled for a hearing on July 27, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion to dismiss without leave to amend, and DENIES plaintiff's motion for remand.

**DISCUSSION**

Plaintiff Marin General Hospital ("Marin") filed this action on December 8, 2006, in the Superior Court for the County of Marin. The complaint alleged claims for breach of implied contract, breach of oral contract, negligent misrepresentation, quantum meruit, and estoppel. On February 20, 2007, defendants removed this case to this Court on the ground that plaintiff's claims were preempted by ERISA.

By order filed May 9, 2007, the Court granted defendants' motion to dismiss and granted plaintiff leave to amend the complaint. The Court held that plaintiff's state law claims were preempted

by ERISA. Specifically, the Court found that plaintiff's state law claims were intertwined with patient S.M.'s ERISA plan, and patient S.M.'s assignment of ERISA benefits to Marin. The Court also noted that plaintiff had received partial payment in accordance with the terms of patient S.M.'s ERISA plan, and that in order to evaluate plaintiff's claims that it should have been fully paid, the Court would necessarily be required to examine the provisions of patient S.M.'s plan. The Court granted plaintiff leave to amend the complaint to allege a claim under ERISA.

Plaintiff filed a first amended complaint, and again only alleged claims under state law (breach of oral contract, negligent misrepresentation, quantum meruit, and estoppel). Defendants have moved to dismiss the complaint, and plaintiff has moved to remand this action to state court. Plaintiff admits that the amended complaint is essentially identical to the original complaint, and argues that the claims are not preempted by ERISA on the same grounds previously rejected by the Court.

For all of the reasons set forth in the Court's May 9, 2007 order, the Court concludes that plaintiff's state law claims are preempted by ERISA. Plaintiff has essentially ignored this Court's previous order and filed a de facto motion for reconsideration in the form of a first amended complaint and motion for remand. Because further leave to amend would be futile, the Court hereby GRANTS defendants' motion to dismiss without leave to amend, and DENIES plaintiff's motion for remand. (Docket Nos. 26 and 27).

**IT IS SO ORDERED.**

Dated: July 24, 2007

SUSAN ILLSTON
United States District Judge